UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NICHOLAS GLISSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-cv-1418-SEB-MJD |
| | ) | |
| INDIANA DEPARTMENT OF CORRECTION, | ) | |
| CORRECTIONAL MEDICAL SERVICES, INC., | ) | |
| MALAKA G. HERMINA, | ) | |
| MARY COMBS, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON MOTION FOR CHANGE OF JUDGE**

This matter is before the Court on Plaintiff Estate of Nicholas Lee Glisson's ("the Estate") Motion for Recusal ("Motion"). [Filing No. 123.] The Estate claims that, pursuant to 28 U.S.C. § 455(a), the presiding judge in this matter must recuse herself because of personal animus against the Estate's counsel ("Counsel"). Pursuant to 28 U.S.C. § 137, the presiding judge requested that the Chief Judge either review the Motion or reassign it to another judicial officer. [Filing No. 125.] The Chief Judge reassigned the Motion to herself. [Filing No. 127.] For the reasons stated below, the Court **DENIES** the Estate's Motion and remands this matter to the presiding judge.

**I.**
**BACKGROUND**

**A. Procedural History**

The Estate filed this Complaint in Indiana state court on August 31, 2012. [Filing No. 1-1.] The Complaint was subsequently removed to federal court because of the Estate's Eighth Amendment claims and randomly assigned to the presiding judge on October 2, 2012. [Filing No. 1.]

On June 4, 2014, the presiding judge granted in part Defendant Correctional Medical Services, Inc.'s ("CMS") Motion for Summary Judgment ("Order") as to all federal claims asserted against it and remanded the case to the Marion Superior Court. [Filing No. 92.]

On March 2, 2015, following the presiding judge's denial of the Estate's Motion for Reconsideration, [Filing No. 100], the Estate filed a Notice of Appeal. [Filing No. 101.] The Seventh Circuit originally affirmed, but subsequently, sitting *en banc*, reversed and remanded the case with respect to the Estate's *Monell* claim. *Glisson v. Ind. Dep't of Corrs.*, 849 F.3d 372 (7th Cir. 2017), *cert. denied sub nom. Corr. Med. Servs., Inc. v. Glisson*, No. 16-1406, --- U.S. --- (U.S. Oct. 2, 2017) (No. 16-1406).

### B. Motion for Recusal

On October 30, 2017, the Estate filed the instant Motion, alleging that the presiding judge cannot impartially oversee the Estate's case due to personal bias against Counsel. [Filing No. 123.] In support of its Motion, the Estate alleges, without any supporting evidence, that the presiding judge "has directed condescending remarks at [Counsel] in front of juries many times." [Filing No. 123 at 1.] The Estate also states, without citation, that "Counsel has reversed this court several times." [Filing No. 123 at 1.] Finally, the Estate asserts that the presiding judge "has also presided over many cases prosecuted by [Counsel],…including a case in which [the presiding judge] recused herself."

With respect to this last assertion, the Estate attached a previous Motion for Change of Judge, [Filing No. 123-1], filed by Counsel, as well as the accompanying Entry on Plaintiff's Motion for Change of Judge ("Change of Judge Order"). [Filing No. 123-2.] In Counsel's Motion for Change of Judge, also filed pursuant to 28 U.S.C. § 455(a), Counsel asserted that the presiding judge was a "personal friend" of a defendant that was named both individually and in his official

2

capacity as the Marion County Sheriff. [Filing No. 123-1 at 2.] The sheriff had previously served as United States Marshal in the Southern District of Indiana before he was elected sheriff. [Filing No. 123-1 at 1.] In that case, Counsel alleged, without record citation, that the sheriff "considers himself a friend of the sitting judge, [therefore] it appears that the plaintiff would not have an impartial review of the merits of his claims." [Filing No. 123-1 at 2.]

In the Change of Judge Order, entered on December 9, 2010, the presiding judge recused herself from the case, "but not for the reasons cited by Plaintiff." [Filing No. 123-2 at 1 (emphasis in original).] The presiding judge noted that she had presided over numerous cases when the sheriff was a named party and "ruled against him, awarded damages against his office, and even held him in contempt." [Filing No. 123-2 at 1.] The presiding judge ruled as follows:

> The undersigned's relationship with [the sheriff], though longstanding, has been and remains professional and not personal. Nevertheless, the undersigned judge grants Plaintiff's motion because doing so will remove from the future conduct of this litigation any concerns about her ability to be fair and impartial and ease the mind of Plaintiff's counsel who has, on many occasions, expressed publicly his lack of confidence in said judge, giving rise to the likelihood that if there is any bias here, it may be on the part of Plaintiff's counsel rather than this judge.

[Filing No. 123-2 at 1-2.]

The Estate claims the "gratuitous response" set forth in the Recusal makes it "obvious that the [presiding judge] cannot remain impartial." [Filing No. 123 at 2.]

## II.
### DISCUSSION

The Estate brings its Motion under 28 U.S.C. § 455(a), which requires a judge to "disqualify [herself] in any proceeding in which [her] impartiality might be questioned." The Estate claims that its "counsel believes the prosecution of this case would be prejudiced because of the personal animus expressed by [the presiding judge] toward plaintiff's counsel." [Filing No. 123 at 2.] The Court notes that this allegation suggests that the presiding judge is biased against

3

Counsel, which is specifically addressed by 28 U.S.C. § 455 (b)(1). § 455(b)(1) requires a judge to disqualify herself "[w]here [she] has a personal bias or prejudice concerning a party[.]" The Estate has brought its claim under § 455(a), which "is generally understood to encompass the situations outlined in § 455(b), but also a broader range of situations in which impartiality exists, but its appearance is compromised." *United States v. Herrera-Valdez*, 826 F.3d 912, 918 (7th Cir. 2016). In the interest of completeness, the Court will address the Estate's Motion under both § 455(a) and § 455(b)(1).

### A. Disqualification under 28 U.S.C. § 455(a)

"The standard in any case for a § 455(a) recusal is whether the judge's impartiality could be questioned by a reasonable, well-informed observer." *In re Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998) (citing *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996)). "The test for appearance of partiality is whether an objective, disinterested observer fully informed of the reasons that recusal was sought would entertain a significant doubt that justice would be done in the case." *Herrera-Valdez*, 826 F.3d at 917 (citation omitted). Recusal is required when a "reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990).

The Estate's Motion, brought over five years after this matter was initially filed, fails to set forth any evidence that it is entitled to relief under § 455(a). The Estate's claim that the presiding judge exhibits a personal animus against Counsel is merely a bald assertion unsupported by any corroborating evidence. The only evidence submitted by the Estate in its Motion relates to a recusal by the presiding judge entered nearly seven years ago. [Filing No. 123-2.] Importantly, the presiding judge did not recuse herself on the grounds that she exhibited animus towards Counsel, but rather sought to avoid any appearance of impropriety due to a professional

relationship with one of the defendants. [Filing No. 123-2.] Moreover, the Court does not find that the remarks asserted in the Change of Judge Order demonstrate an "obvious" bias towards Counsel, [Filing No. 123 at 2]; the presiding judge simply defended her integrity and ability to preside in a fair and reasonable manner. [Filing No. 123-2.]

Neither the language in the Change of Judge Order nor the bare assertions set forth in the Estate's Motion would generate any, much less "significant doubt[,] that justice could be done in [this] case." *Herrera-Valdez*, 826 F.3d at 917 (citation omitted).

### B. Disqualification under 28 U.S.C. § 455(b)(1)

The Estate's Motion fares no better under § 455(b)(1). "In determining whether a judge must disqualify himself under 28 U.S.C. § 455(b)(1), the question is whether a reasonable person would be convinced the judge was biased." *Hook*, 89 F.3d at 355 (quotation marks and citation omitted). This bias must stem from a personal animus or malice harbored by the judge of a kind that a fair-minded individual could not entirely set aside. *Id.* Importantly, "[§] 455(b)(1) requires recusal only if actual bias or prejudice is proved by compelling evidence." *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001) (quotations and citations omitted). The Supreme Court has explained that mere judicial remarks do not meet this substantial burden:

> [J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible…. *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune.

*Liteky v. United States*, 510 U.S. 540, 555-556 (1994) (emphasis in original).

5

The comment in *Liteky* appears to cover the allegations set forth by the Estate in its Motion, wherein it complains, without citation to evidence, about "condescending remarks at counsel in court in front of juries many times." [Filing No. 123 at 1]. The Estate argues that similar remarks "are what are anticipated, and it is plaintiff's belief that this would seriously prejudice the plaintiff Glisson Estate's chance for a fair and impartial trial." [Filing No. 126 at 1.] If such "condescending remarks" gave rise to a level of partiality indicating "such a high degree of favoritism or antagonism as to make fair judgment impossible[,]" *Liteky*, 510 U.S. at 555, it was incumbent upon the Estate to establish that fact by "compelling evidence," which it has failed to do here. *O'Regan*, 246 F.3d at 988 (quotations and citation omitted).

Finally, the Court notes that if such an allegedly obvious bias was anticipated by the Estate, it would seem prudent to seek recusal immediately, rather than litigate this case for five years prior to seeking recusal. A court "should exercise care in determining whether recusal is necessary, especially when proceedings already are underway." *In re United States*, 572 F.3d 301, 308 (7th Cir. 2009); *see also In re Nat'l Union Fire Ins. Co.*, 839 F.2d 1226, 1229 (7th Cir. 1988) ("Judges have an obligation to litigants and their colleagues not to remove themselves needlessly,…because a change of umpire in mid-contest may require a great deal of work to be redone…and facilitate judge-shopping." (internal citation omitted)).

### III.
#### CONCLUSION

Given the total lack of evidentiary support for the Estate's assertions against the presiding judge, along with the untimeliness of the Estate's motion considering the lengthy pendency of the case, the Chief Judge hereby **DENIES** the Estate's Motion for Recusal. [Filing No. 123.]

Date: 11/13/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via CM/ECF:**

David A. Arthur
OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov

Jeb Adam Crandall
BLEEKE DILLON CRANDALL PC
jeb@bleekedilloncrandall.com

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com

J. Richard Moore
BLEEKE DILLON CRANDALL
richard@bleekedilloncrandall.com

Michael K. Sutherlin
MICHAEL K. SUTHERLIN & ASSOCIATES, PC
msutherlin@gmail.com