UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NICHOLAS GLISSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:12-cv-01418-SEB-MJD |
| | ) |
| INDIANA DEPARTMENT OF CORRECTION, et al. | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

The unique procedural posture of this case presents the Court with what appears to be an issue of first impression for district courts in the Seventh Circuit. On June 4, 2014, the Court issued an Order granting summary judgment in favor of all Defendants on Plaintiff's federal claims brought pursuant to 42 U.S.C. § 1983 and remanding Plaintiff's state law claims to the Marion Superior Court. [Dkt. 92.] Plaintiff appealed the dismissal of his federal claims against Defendants Correctional Medical Services, Inc., Dr. Malak G. Hermina, and Nurse Mary Combs (the "Medical Defendants")[1]. The Court's decision was affirmed by a panel of the Seventh Circuit and later reversed *en banc*. [Dkt. 101; Dkt. 111.] Defendants now argue that Plaintiff's state law claims, upon which the Marion Superior Court has taken no action since remand, should be reinstated before this Court.[2]

On November 7, 2017, the Court issued an Order to Show Cause requiring Defendant to show how and why Plaintiff's state law claims should be brought back to this Court and setting a

---

[1] Plaintiff did not appeal the dismissal of the federal claims against Defendant Indiana Department of Correction, therefore this Court's dismissal of those claims is final.
[2] Although the Court remanded the claims on June 4, 2014, the case did not reappear on the Marion Superior Court, Civil Division 5, docket until June 2, 2016. There have been no further docket entries since the remand. *Estate of Nicholas Lee Glisson v. Indiana Department of Correction, et al*, 49D05-1208-CT-034526.

1

briefing schedule on the issue. [Dkt. 128.] In its Order, the Court noted authority for the proposition that an order to remand state law claims upon the dismissal of the federal claim is an appealable order. *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 641 (2009). As Defendants did not appeal the remand order, the Court was "not aware of a procedural mechanism whereby Plaintiff's state law claims may properly be returned to this court." [Dkt. 128 at 2.] The parties have briefed the issue and the matter is now ripe for the undersigned Magistrate Judge to issue a Report and Recommendation to District Judge Sarah Evans Barker as to its resolution.[3]

The Court located a handful of out of circuit district court cases addressing the issue of revival of state law claims post-reversal of summary judgment, however with one key procedural distinction: those cases involved matters that were originally filed in federal court, rather than removed to federal court from state court as was the case here. *See, e.g.*, *Aviall Servs., Inc. v. Cooper Indus., LLC*, 572 F. Supp. 2d 676 (N.D. Tex. 2008); *WPP Luxembourg Gamma Three Sarl v. Spot Runner*, Inc., 2013 WL 12203024, (C.D. Cal. 2013); *Thompson v. Paul*, 657 F. Supp. 2d 1113, (D. Ariz. 2009). Consequently, in those cases when the federal claims were dismissed at summary judgment, the courts declined to exercise supplemental jurisdiction and dismissed the state law claims without prejudice. The question in those cases then became whether the state law claims were time barred when plaintiffs attempted to reassert them in federal court after the appellate court reversed the dismissal.

Two of the three courts found the state law claims could be reasserted upon the reinstatement of the federal claims. In *Aviall Services*, the plaintiff filed an amended complaint

---

[3] The Court **GRANTS** Defendant Indiana Department of Correction's *Motion for Joinder in Corizon's Response to Order to Show Cause and Brief in Support of Motion for Relief from Order Remanding State Law Claims*. [Dkt. 131.]

reasserting state law claims upon the Supreme Court's remand of the dismissed federal claim. The defendant moved for summary judgment, arguing the plaintiff was barred from reasserting the claims because the plaintiff failed to appeal the court's decision to not exercise supplemental jurisdiction over the state law claims. The Northern District of Texas disagreed, finding that "[b]ecause the dismissal of the state-law claims was inextricably intertwined with the dismissal of the federal-law claims, it followed that if the rationale for dismissing the federal-law claims fell away, the predicate for dismissing the state-law claims did as well." *Aviall*, 572 F. Supp. 2d at 702.

Similarly, in *WPP Luxembourg*, the court allowed the plaintiff to reassert state law claims after the Ninth Circuit reversed the dismissal of the federal claims. "As the federal claims in the First Amended Complaint were resurrected before this court and the original basis for declination of supplemental jurisdiction no longer obtains, Plaintiff's SAC relates back to that pleading. Furthermore, Defendants are not prejudiced by this holding, as they had ample notice of Plaintiff's state law claims." *WPP Luxembourg*, 2013 WL 12203024, at *8.

In contrast, the court in *Thompson* found several of the state law claims to be time barred after remand by the Ninth Circuit. *Thompson*, 657 F. Supp. 2d at 1126-27. However, the court retained supplemental jurisdiction over the non-time barred state claims because they arose from the same "nucleus of operative fact" as the federal claims and the court found they should be tried in one judicial proceeding. *Id*. at 1128.

Although the procedural posture differs slightly from this case (there can be no argument here that the state claims are time barred because they were never dismissed), the Court finds the reasoning in these cases to be instructive. Those courts declined to exercise supplemental jurisdiction over the state law claims for the sole reason that the federal claim was being dismissed, as the Court did here. When the federal claim was reinstated, the basis for declining to

3

exercise jurisdiction over the state claims disappeared and the courts reunited the claims. As Defendants argue, if the state law claims are not reinstated, the Medical Defendants face litigating claims based on a common nucleus of operative fact in two separate forums. Plaintiff, who wants the claims to remain in state court, argues Defendants are "forum shopping" and should not be permitted to "steal" the claims back from state court. But Plaintiff provides no reason why Defendants' right to remove the claims to federal court should be obviated because the federal claims were dismissed and then reinstated. Based upon this reasoning, the undersigned Magistrate Judge concludes the state law claims should be litigated with the federal claims. But neither the parties, nor the Court in its own research, found case law governing *how* to bring the claims back together.

The procedural wrinkle lies in that the state law claims in this case were remanded (not dismissed without prejudice) to the state court case from which they were removed. Rather than simply reinstating dismissed claims, the Court must identify a procedural vehicle by which to return the claims to federal court. As there are no federal claims remaining in the state court case, there is no way for Defendants to re-remove the claims. Defendants suggest the Court issue an order pursuant to Rule 60(b) vacating the portion of the Court's Order on Pending Motions [Dkt. 92] remanding the state law claims to Marion Superior Court.

Rule 60(b)(5) provides that a court may relieve a party from a final judgment, order, or proceedings if "it is based on an earlier judgment that has been reversed or vacated." Fed. R. Civ. P. 60(b)(5). In addition, the "catch all" provision of Rule 60 provides the court may reopen a judgment "for any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). As a general rule, "relief from a judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances." *Reinsurance Company of America, Inc. v. Administratia Asigurarilor de Stat,* 902 F.2d 1275, 1277 (7th Cir.1990).

4

Defendants assert the reversal and remand of the Court's entry of summary judgment on all federal claims, which eliminated the only basis on which the Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims, supports relief under Rule 60(b)(5) and 60(b)(6). Plaintiff argues this interpretation of Rule 60 is strained and the circumstances do not warrant such an extraordinary remedy. The Court disagrees. These are, in fact, exceptional circumstances, as demonstrated by the fact that neither the parties nor the Court was able to unearth a case in which the same circumstances were presented. Therefore, the undersigned Magistrate Judge recommends the Court **ORDERS** as follows:

- Pursuant to Rule 60(b)(5) and 60(b)(6), the Court's Order on Pending Motions [Dkt. 92] be **VACATED** only as to its remand of Plaintiff's state law claims to Marion Superior Court.

- Judicial comity prevents the Court from ordering the Marion Superior Court to dismiss the claims. *See Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942) ("Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.") Therefore, the parties should be **ENJOINED** from further prosecuting the claims in *Estate of Nicholas Lee Glisson v. Indiana Department of Correction, et al*, Cause No. 49D05-1208-CT-034526, while those claims remain pending before this Court.

Dated: 29 DEC 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

David A. Arthur
OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov

Jeb Adam Crandall
BLEEKE DILLON CRANDALL PC
jeb@bleekedilloncrandall.com

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com

J. Richard Moore
BLEEKE DILLON CRANDALL
richard@bleekedilloncrandall.com

Michael K. Sutherlin
MICHAEL K. SUTHERLIN & ASSOCIATES, PC
msutherlin@gmail.com